**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

LILA OXLEY,

            Plaintiff,

v.                              CIVIL ACTION NO.   5:15-cv-07057

JOSEPH BLANKENSHIP, et al.

            Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1), *Defendants Joseph Blankenship, Richard Gunnoe and the City of Hinton's Motion to Dismiss the Plaintiff's Complaint* (Document 7), *Defendants Joseph Blankenship, Richard Gunnoe and the City of Hinton's Memorandum of Law in Support of Its Motion to Dismiss the Plaintiff's Complaint* (Document 8), the *Plaintiff's Response to Defendants Joseph Blankenship, Richard Gunnoe and the City of Hinton's Motion to Dismiss the Plaintiff's Complaint* (Document 11), *Defendants Joseph Blankenship, Richard Gunnoe and the City of Hinton's Reply to the Plaintiff's Response to Defendants Joseph Blankenship, Richard Gunnoe and the City of Hinton's Motion to Dismiss the Plaintiff's Complaint* (Document 13).

In addition, the Court has reviewed the *Motion to Dismiss Plaintiff's Complaint of Defendant City National Bank of West Virginia, Inc.* (Document 14), the *Memorandum of Law in Support of City National Bank of West Virginia Inc.'s Motion to Dismiss Plaintiff's Complaint* (Document 15), the *Plaintiff's Memorandum of Law in Opposition of City National Bank of West Virginia, Inc., Motion to Dismiss Complaint* (Document 17), and the *Reply to Plaintiff's Response*

*in Opposition to City National Bank of West Virginia Inc.'s Motion to Dismiss Plaintiff's Complaint* (Document 18). The Court has also reviewed all attached exhibits. For the reasons stated herein, the Court finds that the Plaintiff's complaint must be dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

The Plaintiff, Lila Oxley, initiated this suit with a complaint filed on June 2, 2015. She named the following defendants: Joseph Blankenship, Mayor; Richard Gunnoe, City Attorney; The City of Hinton, a Municipality; and City National Bank.

Ms. Oxley alleges that she and her family were politically active in Summers County and the City of Hinton. Joseph Blankenship was elected mayor of the City of Hinton in 2006, and convinced the City Council to replace the previous City Attorney with defendant Richard Gunnoe. (Compl. ¶ 2.) Mr. Blankenship won re-election, although Ms. Oxley campaigned against him. (*Id.* at ¶ 5.) Ms. Oxley believes that Mayor Blankenship and Attorney Gunnoe hold her political opposition against her and are using their official positions to deprive her of her civil rights. (*Id.* at ¶ 7.) She asserts that Mr. Blankenship acted in a "dual role" as both Mayor of the City of Hinton and as an employee and representative of City National Bank. (*Id.* at ¶ 2.)

Ms. Oxley alleges that Mayor Blankenship and City Attorney Gunnoe selectively prosecuted her for nuisance violations on her property as retribution for her political opposition. (*Id.* at ¶ 8.) Mayor Blankenship served as the Municipal Judge presiding over the charges, and Attorney Gunnoe as the prosecutor. (*Id.* at ¶ 9.) Ms. Oxley was convicted and fined $3,600. Her appeal to the Circuit Court of Summers County remains pending. (*Id.*) She was served with another violation in February, 2014, but the Defendants did not pursue it. (*Id.*) Ms. Oxley has

---

[1] For purposes of this opinion, the Court accepts all factual allegations contained in the complaint as true.

complained to both the City Council and City National Bank, where Mr. Blankenship is employed, but neither has taken measures to stop the alleged harassment and selective prosecution. (*Id.* at ¶¶ 13–19.) Ms. Oxley further alleges that Defendants Blankenship and Gunnoe have "label[ed] her as a trouble maker" and instructed the city manager and staff not to respond to her requests filed pursuant to the Freedom of Information Act (FOIA). (*Id.* at ¶ 6.) She alleges that the Defendants have defamed and slandered her, and conspired with one another and with other city employees to do so. (*Id.* at ¶ 7.)

Ms. Oxley's complaint lists the following causes of action: Count One (untitled, alleging violations of state and federal civil and constitutional rights); Count Two – Municipal Liability; Count Three – State Law Claims (alleging tort of outrage); Count Four – City National Bank (supervisory liability); and Count Five – Miscellaneous Claims (asserting various conspiracies). She alleges violation of state and federal civil and constitutional rights, malicious and/or selective prosecution, the tort of outrage, and conspiracy to deprive her of constitutional rights, to defame her, and to subject her to malicious and/or selective prosecution. She alleges that immunity is not available for any of the Defendants.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct."

3

Fed.R.Civ.P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588

4

F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).  A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).  "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 679.

## DISCUSSION

*A. City National Bank*

Defendant City National Bank moves to dismiss on the grounds that all allegations against its employee, Mr. Blankenship, involve his conduct in his role as Mayor of the City of Hinton. Further, City National Bank contends that Ms. Oxley's allegations against it are too vague and conclusory to meet the applicable pleading standard.  Ms. Oxley contends that City National Bank encouraged employees' civic involvement, anticipating that such involvement would attract customers and enhance the bank's reputation.  Thus, she argues, Mr. Blankenship acted in a dual role, as both Mayor and a bank employee, when he allegedly violated her rights.  She notes that he was permitted to conduct city business while he was at work.

The Court finds that the allegations must be dismissed against City National Bank. Although the bank encouraged civic involvement, there is no allegation that it exercised control over its employees' non-work activities.  Ms. Oxley argues that City National Bank should have taken steps to stop Mr. Blankenship, acting as Mayor, from targeting her alleged nuisance violations.  However, she cites no legal authority for the proposition that a private employer is liable for the actions of its employees outside the scope of their employment.  Indeed, an employer

exerting pressure on an employee's decisions in his separate capacity as an elected official—or the employee's compliance with that pressure—would raise significant ethical issues. The Complaint does not contain any specific factual allegations regarding the conduct of City National Bank. Thus, accepting as true the factual allegations, but not the legal conclusions, set forth in the complaint, Ms. Oxley has failed to state a plausible claim for relief against City National Bank.

*B. Mayor Blankenship, Attorney Gunnoe, and the City of Hinton*

Mr. Blankenship, Mr. Gunnoe, and the City of Hinton seek dismissal for failure to state a claim under Rule 12(b)(6) and assert that they are entitled to immunity. They assert that the complaint contains only legal conclusions and naked assertions of wrongdoing without the factual content necessary to state a plausible claim. (Def.s' Mem. at 7.) The Defendants argue that the asserted facts do not support a claim for malicious prosecution because the proceedings have not terminated and Ms. Oxley has not been exonerated, and that selective prosecution is a defense in criminal matters rather than an independent civil cause of action. (*Id.* at 7–8.) They argue that Ms. Oxley has not set forth a cause of action for defamation because she has not pled any facts regarding the content or falsity of the statements allegedly made. Furthermore, Defendant Blankenship argues that he is entitled to qualified immunity, the City of Hinton asserts that it cannot be held liable for any intentional torts, is entitled to qualified immunity for any claims brought pursuant to 42 U.S.C. § 1983, and is not a "person" for purposes of § 1983 and Defendant Gunnoe asserts that he is entitled to absolute prosecutorial immunity.

Ms. Oxley argues in response that she pled sufficient facts to put the Defendants on notice regarding her claims. She "contends that Mayor Blankenship and City Attorney Gunnoe conspired to selectively prosecute and violate her rights and that the City of Hinton was fully aware

6

of their actions and misconduct." (Pl's Mem. Resp. at 8.) She argues that "[s]electively prosecuting for enforcement for a city ordinance and acting as the attorney for the City does not evoke the absolute immunity" for Defendant Gunnoe. (*Id.* at 9.) Ms. Oxley asserts that Mayor Blankenship is not entitled to qualified immunity because his actions violated her clearly established rights. She contends that the City of Hinton "developed a custom and practice of allowing the Mayor and City Attorney to unilaterally selectively determine which residents would be subject to enforcement of the ordinances without any safeguards." (*Id.* at 10.) Further, she asserts that the City is liable for the alleged defamation and violation of constitutional rights because they "sprung from the initial selective prosecution." (*Id.*) Likewise, she argues that she adequately pled a conspiracy, with the selective prosecution as the overt act.

The Court finds that the Plaintiff has not sufficiently pled facts supporting any cause of action properly before the Court. The only factual allegations contained in the complaint, beyond background information regarding the Defendants' supposed motive, relate to Ms. Oxley's prosecution for violating the City of Hinton's nuisance ordinance. She asserts that this prosecution was unfair, and that it is currently under appeal in state court. She also asserts that Mayor Blankenship referred to her as a "troublemaker."

A private citizen asserting a cause of action for defamation must prove the following elements: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 74 (W. Va. 1983). "[S]tatements of opinion are absolutely protected under the First Amendment and cannot form the basis for a defamation action." Syl. pt. 7, *Long v. Egnor*, 346 S.E.2d 778, 780 (W. Va. 1986).

For reasons detailed below, this Court cannot consider allegations related to Ms. Oxley's prosecution. Referring to someone as a "troublemaker" is a statement of opinion, which cannot support a defamation claim. Ms. Oxley's complaint does not articulate facts that, when accepted as true, demonstrate a plausible claim for relief. Her claim for defamation must therefore be dismissed.

Ms. Oxley's claim for selective or malicious prosecution must be dismissed for lack of subject matter jurisdiction. Although the parties did not brief the Court regarding jurisdiction, the Court must satisfy itself that it possesses jurisdiction prior to considering the merits of a claim. It is a long-standing principle that federal courts cannot sit in review of state court decisions. "The *Rooker–Feldman* doctrine divests the district court of jurisdiction where 'entertaining the federal claim should be the equivalent of an appellate review of [the state court] order.'" *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 201–02 (4th Cir. 1997) (internal citation omitted). The doctrine applies "to claims that are 'inextricably intertwined' with a state court judgment," as well as to the claims directly considered by the state court. *Id.* at 199.

Ms. Oxley alleges that she has appealed the City of Hinton's finding that she violated the city ordinance to the Circuit Court of Summers County. (Compl, ¶ 9.) In addition to monetary relief, she seeks "an order expunging the fine and charge" brought against her. (Compl., § VI, ¶ 2.) Thus, she asks this Court to review decisions made by the municipal court and currently under review in state court.[2] The Court finds that it lacks subject matter jurisdiction over the claims involving Ms. Oxley's prosecution, and those claims must accordingly be dismissed.

---

2 West Virginia Code § 8-34-1 provides for appeals of municipal convictions or sentences to the circuit court in the county in which the municipality is located.

8

Ms. Oxley's allegations under 42 U.S.C. § 1983, for conspiracy, for the tort of outrage, and/or other claims for violations of her state and federal civil and constitutional rights must also be dismissed. First, Ms. Oxley's response to the Defendants' motion to dismiss suggests that all of her claims are "inextricably intertwined" with the alleged selective and/or malicious prosecution over which this Court lacks jurisdiction. Second, the complaint simply does not contain sufficient facts to state a claim under § 1983, for conspiracy, or for the tort of outrage. To the extent Ms. Oxley is asserting any other claim, neither the Defendants nor the Court have been put on adequate notice as to what that claim may be. Accordingly, the motion to dismiss filed by Defendants Blankenship, Gunnoe, and the City of Hinton must be granted.

## CONCLUSION

WHEREFORE, following careful consideration and for the reasons stated herein, the Court **ORDERS** that *Defendants Joseph Blankenship, Richard Gunnoe and the City of Hinton's Motion to Dismiss the Plaintiff's Complaint* (Document 7) and the *Motion to Dismiss Plaintiff's Complaint of Defendant City National Bank of West Virginia, Inc.* (Document 14) be **GRANTED** and that the Plaintiff's *Complaint* (Document 1) be **DISMISSED WITHOUT PREJUDICE.** The Court further **ORDERS** that any pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

       ENTER:  October 9, 2015

       _____
       IRENE C. BERGER
       UNITED STATES DISTRICT JUDGE
       SOUTHERN DISTRICT OF WEST VIRGINIA